# In the United States Court of Federal Claims

No. 14-101C

Filed: February 7, 2014

| | |
|---|---|
| * * * * * * * * * * * *  * | |
| **GENE KELLY WILLIAMS,** * | |
| * | |
| Plaintiff, * | **Lack of Subject Matter Jurisdiction; Negligence; Federal Tort Claims Act.** |
| v. * | |
| * | |
| **UNITED STATES,** * | |
| * | |
| Defendant. * | |
| * * * * * * * * * * * *  * | |

**Thomas O. Falb**, Williamson, Webster, Falb & Glisson, Alton, IL, for the plaintiff.

**Jeffrey A. Regner**, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for defendant. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

**O R D E R**

**HORN, J.**

On February 5, 2014, plaintiff Gene Kelly Williams, by and through his attorney, Thomas O. Falb, filed a complaint in the United States Court of Federal Claims. Plaintiff alleges that on February 6, 2012, he was a passenger in a vehicle that was struck by a delivery truck operated by a United States Postal Service employee in Alton, Illinois. Plaintiff claims that the United States Postal Service employee was within his scope of employment while operating the vehicle and that the "the U.S. Postal Service was an agency of the Defendant, The United States, in charge of delivering U.S. mail." Plaintiff argues that the employee had a duty to "exercise ordinary care in the operation, possession and control of the aforesaid vehicle so as to not cause injury to the person and property of the Plaintiff."

Plaintiff argues, however,

> not withstanding [sic] the aforesaid duty, Defendant, by and through its agent and/or employee, Morris J. Snyder, negligently and carelessly committed one or more of the following acts or omissions:

> a. negligently and carelessly failed to keep a proper look out for other vehicles on the road;
>
> b. negligently and carelessly failed to stop his vehicle in time to avoid colliding with Plaintiff s vehicle;
>
> c. negligently and carelessly failed to keep his vehicle under proper control;
>
> d. negligently and carelessly operated his vehicle on the wrong side of the roadway;
>
> e. negligently and carelessly failed to give a proper signal or sound his horn in time to warn Plaintiff;
>
> f. negligently and carelessly failed to reduce speed to avoid an accident and drove too fast for conditions in violation of Illinois Statute, 625 ILCS 5/7- 601, et al.; and
>
> g. negligently and carelessly operated his vehicle in the improper lane for southbound traffic on Johnson Street in violation of Illinois Compiled States Statute ILCS 625 ILCS 5/11-701.

Plaintiff seeks $500,000.00 in damages because plaintiff claims he

> suffered personal injuries on or about his body, both internally and externally, some of which may be permanent including, but not limited to, injuries to his head, neck, back, shoulders and spine, as well as other areas of his body; that as a consequence thereof, Plaintiff has suffered and will in the future suffer great pain and mental anguish; that as a consequence thereof, Plaintiff has suffered disability and loss of normal life; and in addition thereto, Plaintiff has become and will be obligated for reasonable and necessary medical expenses endeavoring to be cured of said injuries; and in addition thereto, Plaintiff has incurred lost wages and will lose wages in the future.

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."

(citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction...may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

3

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp. V 2011) (emphasis added).  As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

Plaintiff claims jurisdiction in this court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (2006). The United States District Courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act. See 28 U.S.C. § 1346(b)(1); see also Trevino v. United States, 113 Fed. Cl. 204, 209 (2013) ("This court lacks jurisdiction over claims brought under the FTCA [Federal Tort Claims Act]; instead, such claims also must be brought in United States district court. E.g. Sellers v. United States, 110 Fed. Cl. 62 (2013). Indeed, the Tucker Act by its very terms excludes this court from hearing claims 'sounding in tort.' 28 U.S.C. § 1491(a)."); Hairston v. United States, 99 Fed. Cl. 695, 697 (2011) (citing 28 U.S.C. § 1491(a)(1)) ("the Tucker Act specifically states that the Court of Federal Claims lacks jurisdiction over claims sounding in tort. This Court [the United States Court of Federal Claims] thus lacks jurisdiction over [plaintiff's] FTCA [Federal Tort Claims Act] and Bivens actions, both of which seek redress for constitutional torts.") (citing Brown v. United States, 105 F.3d

4

621, 624 (Fed. Cir. 1997) and Pendleton v. United States, 47 Fed. Cl. 480, 485–86 (2000) (stating that the Court of Federal Claims lacks jurisdiction to entertain a tort claim under the Federal Tort Claims Act)).

Even if the plaintiff did not solely claim jurisdiction was proper pursuant to the Federal Tort Claims Act, every claim above is a claim of negligence sounding in tort. To the extent that plaintiff requests relief from conduct alleging tortious actions, including negligence by government employees, the Tucker Act expressly precludes review of tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Any claim alleging negligence by government officials raises a question of tortious conduct, which is not reviewable in this court. See Husband v. United States, 90 Fed. Cl. 29, 35 (2009) (holding that the court lacked jurisdiction over claims sounding in tort when "the Government seized and failed to return Plaintiff's property, or, in the alternative, that his property was lost as a result of the Government's theft.") (internal citation omitted). This court, therefore, does not have jurisdiction over any of negligence claims presented by the plaintiff.

## CONCLUSION

For the foregoing reasons, this court lacks jurisdiction over plaintiff's complaint. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

                                             s/Marian Blank Horn
                                             **MARIAN BLANK HORN**
                                                      **Judge**